# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>TERRECE COX,<br><br>    Defendant. | 8:17CR302<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (§ 2255 Motion), ECF No. 90.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## BACKGROUND

The Defendant Terrece Cox pled guilty to Counts I and II of the Superseding Indictment, charging him with Bank Robbery in violation of 18 U.S.C. § 2113(a) (Count I) and Brandishing a Firearm in violation of 18 U.S.C. § 924(c) (Count II). On December 31, 2018, he was sentenced to a term of 24 months imprisonment on Count I and 84 months imprisonment on Count II, to be served consecutively, followed by three years of supervised released on Counts I and II, to be served concurrently. The sentences were pursuant to a plea agreement made under Federal Rule of Criminal Procedure

11(c)(1)(C). ECF No. 82. The Defendant did not appeal. His § 2255 Motion is timely, and it is his first such motion.

## DISCUSSION

The Defendant purports to raise four grounds for relief. Each ground asserts ineffective assistance of counsel with respect to Count II, the § 924(c) conviction for brandishing a firearm. Liberally construing the Defendant's assertions, which are largely unintelligible, he appears to contend that his counsel was ineffective for failing to argue that bank robbery under 18 U.S.C. § 2113 is not a crime of violence and does not satisfy the "during and in relation to any crime of violence" element of § 924(c), because bank robbery may be committed through *intimidation*, as well as by force and violence. 18 U.S.C. § 2113 (a).

"Crime of violence" is defined in 18 U.S.C. § 924(c)(3) as "an offense that is a felony and—(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

In *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), the Supreme Court held the residual clause of § 924(c)(3)(B) to be unconstitutionally vague. Nonetheless, Cox's crime of bank robbery was a qualifying predicate offense as a crime of violence under § 924(c)(3)(A). See *Estell v. United States*, 924 F.3d 1291, 1293 (8th Cir. 2019) (holding bank robbery under § 2113(a) qualifies as crime of violence under § 924(c)(3)(A), even when committed by intimidation).

2

To establish ineffective assistance of counsel, the Defendant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687. "To establish prejudice, the defendant must demonstrate a reasonable probability that the result of the proceeding would have been different, but for counsel's deficiency." *United States v. Luke*, 686 F.3d 600, 604 (8th Cir. 2012).

Defendant's counsel obtained a plea agreement that gave the Defendant the benefit of a sentence on Count I that was 13 months below the lowest end of the sentencing guideline range, and a sentence on Count II that was at the statutory mandatory minimum. The Government's evidence was sufficient to demonstrate the Defendant's guilt beyond a reasonable doubt, and the Defendant acknowledged his guilt after being fully advised of his rights. The Defendant has not demonstrated that his counsel's performance was deficient, nor that the Defendant suffered any prejudice as a result of counsel's performance. Accordingly, the Defendant's Motion will be denied.

A petitioner under 28 U.S.C. § 2255 may not appeal an adverse ruling unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability will not be granted unless the movant has "made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To show this denial, "[t]he petitioner must demonstrate that reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Defendant made no such showing, and no certificate of appealability will be issued.

Accordingly,

IT IS ORDERED:

1. The Court has completed its initial review of the Defendant's correspondence construed as a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion"), ECF 90;

2. The Motion, ECF No. 90, is summarily denied;

3. No certificate of appealability will be issued;

4. A separate Judgment will be entered;

5. The Clerk is directed to mail a copy of this Judgment to the Defendant at his last known address.

Dated this 7th day of January 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge